### M. P. HIATT *v.* BEN F. FIELD.

**Liability of Assignor of Note—Waiver of Diligence.**

Where, notwithstanding no sufficient diligence is shown to make an assignor liable, the assignor at the time of making the assignment made an agreement with the holder of the note that he would remain bound, he is not released.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

September 14, 1876.

OPINION BY JUDGE COFER:

The appellee did not use such diligence as would render the appellant liable on the contract of assignment. But the writing exhibited with the petition evidences an agreement on the part of the appellant to remain bound, although legal diligence might not be used.

The evidence tends to prove that that writing was executed as a part of the same transaction in which the note was assigned; and as it recites that it was executed on the same day, we should be bound, if necessary to support the judgment, to presume that the court found as a fact that they were executed at the same time. But that is not necessary, for no matter whether executed at that time or subsequently, so it was executed before the appellant was discharged from liability, it is valid, and that, too, whether there was any consideration for its execution or not.

The appellant had a right to waive due diligence in prosecuting the obligor, and to consent to remain bound; and having done so while he was yet liable, he cannot now avail himself of laches to which he consented in order to escape liability.

The writing was not skilfully worded, but there can be no doubt but that it was intended as a waiver of the right. The appellant would otherwise have had to be discharged if the obligor was not prosecuted with legal diligence. It is true the language is, that he was to remain liable if the appellee did not sue to the first court, and that there is no stipulation that he would remain bound if suit was brought and execution was not issued in due time. But there is no escaping the conclusion that the object was to waive legal diligence, and, unless such was the object, the writing was meaningless.

The judgment is *affirmed*.

*John B. Cochran, for appellent.  D. M. Rodman, for appellee.*